**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**LANSING DIVISION**

|  |  |  |
|---|---|---|
| KELLY BECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:20-cv-650 |
| | ) | |
| SHEPARD AND ASSOCIATES, LLC; and | ) | |
| COMPATTIA ROCCIA MANAGEMENT | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, KELLY BECK ("Plaintiff"), through her attorneys, alleges the following against Defendants, SHEPARD AND ASSOCIATES, LLC and COMPATTIA ROCCIA MANAGEMENT GROUP, LLC ("Shepard" and "CRMG" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Counts I and III of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts II and IV of Plaintiff's Complaint are based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k FDCPA.

1

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Lansing, Ingham County, State of Michigan.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Mich. Comp. Law § 339.901(f).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Mich. Comp. Law § 339.901(a).

10. Shepard is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Mich. Comp. Law § 339.901(b).

11. CRMG is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Mich. Comp. Law § 339.901(b).

12. Shepard is a New York-organized limited liability company and national collection agency located in the City of Buffalo, Erie County, State of New York.

13. CRMG is a New York-organized limited liability company, debt buyer, and national debt collection agency located in the City of Buffalo, Erie County, State of New York.

14. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

16. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties or originally owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or originally owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a spotloan.com account.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. Plaintiff disputes owing the alleged debt.

23. Any debt Plaintiff may have owed to spotloan.com has long been paid in full.

24. At all times relevant hereto, CRMG owned the alleged debt.

25. At all times relevant hereto, Shepard was engaged by CRMG to collect the alleged debt.

26. Within in the last year, Defendants attempted to collect a consumer debt from Plaintiff.

27. In or around May 2020, Shepard began to contact Plaintiff in an attempt to collect the alleged debt.

28. On or about May 4, 2020, Shepard sent a collection letter, dated May 4, 2020 ("Collection Letter"), to Plaintiff via email at yllekkeno@gmail.com. (A true-and-correct copy of the Collection Letter is attached hereto as Exhibit A).

29. The Collection Letter:

   a. Attempts to collect a debt from Plaintiff that Plaintiff does not owe;

   b. Contains empty threats of legal action;

   c. Threatens to ruin Plaintiff's credit;

   d. Uses terminology that suggests that legal action may have already been commenced against Plaintiff; and

   e. Is Defendant's first communication with Plaintiff yet fails to provide the information required by 15 U.S.C. § 1692g.

30. To date, Shepard has not sued Plaintiff.

31. Shepard has never intended to sue Plaintiff.

32. To date, CRMG has not sued Plaintiff.

33. CRMG has never intended to sue Plaintiff.

34. Shepard's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

35. The natural consequences of Shepard's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

36. The natural consequences of Shepard's statements and actions was to produce an unpleasant and/or hostile situation between Shepard and Plaintiff.

37. The natural consequences of Shepard's actions was to cause Plaintiff mental distress.

## COUNT I
## SHEPARD AND ASSOCIATES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Shepard violated the FDCPA based on the following:

    a. Shepard violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant attempted to collect a debt from Plaintiff which Plaintiff does not owe;

    b. Shepard violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Shepard engaged in at least the following discrete violations of § 1692e;

    c. Shepard violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Shepard made empty threats of legal action against Plaintiff;

    d. Shepard violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the

5

debt collector or creditor intends to take such action when Shepard made empty threats of legal action against Plaintiff;

e. Shepard violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Shepard made empty threats of legal action against Plaintiff;

f. Shepard violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed when Shepard made such threats;

g. Shepard violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Shepard engaged in at least the other discrete violations of § 1692e alleged herein;

h. Shepard violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Shepard engaged in all of the foregoing misconduct; and

i. Shepard violated § 1692g of the FDCPA by failing to provide the information to Plaintiff as required by this subsection.

WHEREFORE, Plaintiff, KELLY BECK, respectfully requests judgment, both jointly and severally, be entered against Defendant, SHEPARD AND ASSOCIATES, LLC, for the following:

    a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**SHEPARD AND ASSOCIATES, LLC VIOLATED THE**
**MICHIGAN OCCUPATIONAL CODE**

39. Plaintiff repeats and re-alleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. The foregoing acts and omissions of Shepard constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Shepard violated § 339.915(e) of the MOC by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as detailed above;

    b. Shepard violated § 339.915(f)(i) of the MOC by misrepresenting in a communication the legal status of a legal action being taken or threatened as detailed above;

    c. Shepard violated § 339.915(f)(ii) of the MOC by misrepresenting in a communication the legal rights of the creditor or debtor as detailed above; and

    d. Shepard violated § 339.915(f)(iii) of the MOC by misrepresenting in a communication that the nonpayment of a debt will result in the seizure, garnishment, attachment, or sale of the debtor's property as detailed above.

WHEREFORE, Plaintiff, KELLY BECK, respectfully requests judgment, both jointly and several, be entered against Defendant, SHEPARD AND ASSOCIATES, LLC, for the following:

    a.   Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

    b.   Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

    c.   Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

    d.   Any other relief that this Honorable Court deems appropriate.

**COUNT III:**
**COMPATTIA ROCCIA MANAGEMENT GROUP, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 38 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

42. As alleged above, CRMG is a debt collector as defined by the FDCPA.

43. CRMG engaged the services of fellow debt collector Shepard to collect the alleged debt from Plaintiff.

44. CRMG has the burden to monitor the activities of Shepard.

45. Shepard violated the FDCPA.

46. CRMG is vicariously liable for the unlawful collection activities carried out by Shepard on its behalf.

WHEREFORE, Plaintiff, KELLY BECK, respectfully requests that judgment be entered, both jointly and severally, against Defendant, COMPATTIA ROCCIA MANAGEMENT

GROUP, LLC for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## COMPATTIA ROCCIA MANAGEMENT GROUP, LLC
## VIOLATED THE MICHIGAN OCCUPATIONAL CODE

50. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 37 and 41 through 49 of this Complaint as though fully stated herein under Count IV of Plaintiff's Complaint.

    a.  As alleged above, CRMG is a debt collector as defined by the MOC.

    b.  CRMG engaged the services of fellow debt collector Shepard to collect the alleged debt from Plaintiff.

    c.  CRMG has the burden to monitor the activities of Shepard.

    d.  Shepard violated the MOC.

    e.  CRMG is vicariously liable for the unlawful collection activities carried out by Shepard on its behalf.

WHEREFORE, Plaintiff, KELLY BECK, respectfully requests that judgment be entered, both jointly and severally, against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC for the following:

a.  Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

b.  Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

c.  Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

d.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Date:  July 16, 2020                AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff

# EXHIBIT A

# Shepard and Associates

528 Elmwood Ave.
Buffalo NY 14222                                    **FINAL SETTLEMENT**

5/4/2020

| | |
|---|---|
| Client Name: | Kelly Beck |
| Reference ID: | LAWI1807 |
| Originator: | spotloan.com |
| Originator Number: | 2599006 |
| Originator Date: | 5/20/2014 |
| Originator Amount: | $1,538.77 |

**50% Settlement Offer:**          **$769.39**

Dear Kelly Beck,

Your account with **spotloan.com** is severely past due and has changed in status. It is now under final review to determine our last legal option. To avoid accelerated collection efforts and further damage to your credit, you must resolve this matter immediately.

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account voluntarily, saving you **$769.39** off your current outstanding balance. Most reasonable counteroffers are accepted if paid on the date of contact.

Upon the completion of payment, you will receive a **PAID LETTER** to update and **improve your credit score**. If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 24 hours** if a payment plan is not arranged. A representative is standing by to assist you; please call us (716) 462-4602.

Sincerely,

*Ms. Rose*

Shepard and Associates

This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.
Phone: (716) 462-4602 | Fax: (716) 235-8735